Scott M. Petersen, #7599
David N. Kelley, #9137
**FABIAN VANCOTT**
215 South State Street, Suite 1200
Salt Lake City, Utah  84111
Telephone:  (801) 531-8900
spetersen@fabianvancott.com
dkelley@fabianvancott.com

*Attorneys for Aetna Health Management, LLC,*
*and Altius Health Plans, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC.,<br><br>                    Plaintiff,<br>  v.<br><br>ALTIUS HEALTH PLANS, INC., and AETNA HEALTH MANAGEMENT, LLC,<br><br>                    Defendants. | **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Case No. 2:18-cv-00127<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to 28 U.S.C. §§ 1331 and 1132(a), Defendant Aetna Health of Utah Inc. d/b/a

Altius Health Plans, Inc., and Aetna Health Management, LLC, through counsel, hereby gives

notice of removal to the United States District Court for the District of Utah of the following

case pending in the Third District Court of the State of Utah:

> *IHC Health Services, Inc., Plaintiff v. Altius Health Plans, Inc., and Aetna Health*
> *Management, LLC, Defendants,* Case No. 180900250, pending before Judge Kent
> Holmberg.

Pursuant to 28 U.S.C. § 1446(a), copies of all process and pleadings sent to Altius and Aetna are

attached hereto as Exhibit "A".

Defendants first received a copy of the Summons and Complaint on January 22, 2018.

Thirty days since such receipt have not yet expired.  Accordingly, removal of this action is

timely.[1]

## STATEMENT OF GROUNDS FOR REMOVAL

### FEDERAL QUESTION

This action is one in which the Court has original jurisdiction under the provisions of 28

U.S.C. § 1331, in that it is an action arising under the laws of the United States, specifically the

Medicare Act, 42 U.S.C. §§ 1395 *et. seq.*, along with its accompanying regulations.

Medicare is a program of federally funded health insurance for people 65 and older,

certain disabled persons, and persons with End Stage Renal Disease.  Congress enacted the

Medicare Program as Title XVIII of the Social Security Act.[2]  The Medicare Act is divided into

five "Parts," three of which (Parts A, B and C) are relevant here.  Part A is automatic and

provides hospital and certain other facility benefits for Medicare beneficiaries.[3]  Part B

provides medical benefits.  Congress refers to Parts A and B as the "Medicare fee-for-service

program option."[4]

Medicare Part C, which is at issue in this case, authorizes Medicare's other option for

medical benefits,[5] and was enacted as a more efficient and less expensive Medicare program.[6]  In

---

[1] *See Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999).
[2] *See* 42 U.S.C. § 1395 *et seq.* (2012).
[3] *See* 42 U.S.C. §§ 1395c to 1395i-5 (2012).
[4] *See* 42 U.S.C. § 1395w-21(c)(3)(A)( i); 42 U.S.C. § 1395w-21(d)(3)(A); 42 U.S.C. § 1395w-212(a)(1)(A); 42 U.S.C. § 1395-w-23(g)(1)(A); 42 U.S.C. § 1395w-24(a)(6)(a)(ii)(I) (2012).
[5] *See* 42 U.S.C. § 1395w-21 to § 1395w-29 (2012).
[6] *See* HR REP. NO. 105-217, at 585 (1997) (Conf. Rep.) (stating that the Medicare Part C Program was intended to "enable the Medicare Program to utilize innovations that have helped the private market contain costs and extend healthcare delivery options.").

2003, Congress strengthened and renamed the program "Medicare Advantage." The Medicare

Act guarantees eligible Medicare beneficiaries the right to elect to receive Medicare benefits

either through the original Medicare fee-for-service program option, or through a Medicare

Advantage plan.[7] In either case, the benefits constitute Medicare benefits.[8] The Medicare

Advantage ('MA') program permits eligible individuals to elect to receive Medicare benefits

from private health insurers like Altius and Aetna.[9]

   While the Secretary is responsible for the Medicare program, for most purposes, the

Secretary has delegated authority over the Medicare program to the Centers for Medicare and

Medicaid Services ("CMS"), a subunit of Health & Human Services ("HHS"). The Secretary

(through CMS) regulates the Medicare Part C program in detail through regulations, the

Medicare manuals, other sub-regulatory guidance, and various directives. To provide for the

practical, day-to-day administration of the Medicare program, CMS frequently acts through

contractors - i.e., private companies performing public functions. Under the Medicare

Advantage option, public and private organizations adjudicate Medicare benefits pursuant to

---

[7] *See* 42 U.S.C. § 1395w-21(a) (2012).

[8] *See* 42 U.S.C. § 1395w-21(a); *See also Logan v. Sebelius,* 2012 WL 4429090, at *2 (D. Or. Aug. 6, 2012) ("The MAO then administers Medicare benefits for those enrollees . . ."); *United HealthCare Ins. Co. v. Sebelius,* 774 F. Supp. 2d 1014, 1019 (D. Minn. 2011) ("Part C, formerly known as Medicare + Choice, allows beneficiaries to receive their Part A and Part B benefits through a MA organization, such as United"); *Rajumati Kanaiyalal Shah v. Sec y, Dep't of HHS,* 2010 WL 1489984, at *1 (D. Ariz. Apr. 13, 2010) ("Under the 'Medicare Advantage' program, eligible individuals, such as Ms. Shah, can elect to receive Medicare benefits by enrolling in a privately-managed care plan whereby the beneficiary agrees to use pre-selected service providers."); *Glaser v. Sebelius,* 2009 WL 2901631, at *1 (D. Haw. Sept. 9, 2009) ("The MA program allows eligible individuals to elect to receive Medicare benefits through enrollment in health maintenance organizations (`HM0') offered by 'Medicare Advantage plans.'"); *Masey v. Humana, Inc.,* 2007 WL 2788612, at *1 (M.D. Fla. Sept. 24, 2007) ("the Court concludes that these claims are 'inextricably intertwined' with a claim for Medicare benefits, and therefore, Plaintiff was required to exhaust her administrative remedies before seeking judicial review.")

[9] *Phillips v. Kaiser Found. Health Plan, Inc.,* 953 F. Supp. 2d 1078, 1081 (N.D. Cal. 2011).

contracts with the Secretary.  Those government contractors are referred to as Medicare

Advantage Organizations ("MAOs").  MAOs agree to comply with all Medicare laws, CMS

rules, and federal coverage guidelines.[10]  Importantly, MAOs offer Medicare benefits, not private

insurance.[11]

Altius and Aetna offer policies of insurance to Medicare beneficiaries through Medicare

Advantage policies, including the Altius Advantra Medicare Advantage HMO Program and the

Aetna Medicare Advantage PPO Plans.[12]  Plaintiff IHC Health Services, Inc. ("IHC") provides

medical care and treatment through various providers and facilities (i.e. the "Intermountain

Facility Network").[13]  IHC and Altius and Aetna entered into Professional Services Agreements

related to Defendants' Medicare Advantage programs and the provision of healthcare services to

various Medicare Advantage beneficiaries.[14]  Subsequent to the execution of the Professional

Services Agreements, multiple Medicare Advantage beneficiaries received healthcare services

from IHC.[15]  For the various reasons outlined in the denial letters attached as Exhibit C to the

Complaint, Altius and Aetna refused to pay for certain services rendered to these Medicare

Advantage beneficiaries.[16]

---

[10] *Id.,* § 1395y(a)(1)(A), 42 C.F.R. § 422.101(a), (b)(1)–(3), (c).
[11] *Pagarigan v. Superior Court*, 102 Cal.App.4th 1121, 126 Cal.Rptr.2d 124, 134 (2002) (noting that the relationship between MA Organizations and Part C enrollees is "not between an insurer and its policyholder, but rather, between Medicare ... and Medicare beneficiaries").
[12] Complaint, ¶ 11.
[13] Complaint, ¶ 10.
[14] Complaint, ¶ 14.
[15] Complaint, ¶ 17.
[16] Complaint, ¶ 18.

Plaintiff's Complaint alleges that Defendants denied IHC's demand for Alternative

Dispute Resolution.[17]  Defendants responded to Plaintiff's demand in November 2016 stating

that Plaintiff's demands for arbitration were preempted by the Medicare Act, and had to be

brought through the HHS administrative review process.  Plaintiff disagreed and continued

submitting demands for arbitration.  Plaintiff has now filed a Complaint in the Third District

Court, Salt Lake County, Utah seeking an order compelling Defendants to arbitrate the

disputes.[18]  However, according to federal law, all claims "arising under" the Medicare Act must

be resolved through HHS administrative review procedures.[19]  A claim arises under the Medicare

Act if "both the standing and the substantive basis for the presentation" of the claim is the

Medicare Act or if the claim is "inextricably intertwined" with a claim for Medicare benefits.[20]

Here, IHC's claims are inextricably intertwined with claims for Medicare benefits, and therefore

arise from the Medicare Act and federal law.[21]  Moreover, Plaintiff's arbitration demands are

preempted by the Medicare Act, and should therefore be dismissed.[22]

According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the

district courts of the United States have original jurisdiction, may be removed by the defendant

or the defendants, to the district court of the United States for the district and division embracing

the place where such action is pending."  Because the United States District Court has original

---

[17] Complaint, ¶ 22.
[18] Complaint, ¶ 33.
[19] *United Behavioral Health*, 377 P.3d at 319 (citing *Heckler v. Ringer*, 466 U.S. 602, 611, 614-15, 104 S.Ct. 2013, 80 L.Ed.3d 622 (1984)).
[20] *Id.*
[21] *Id.*
[22] *Id.*

jurisdiction over Plaintiff's case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 405(g), Plaintiff's

case is properly removed to the Federal District Court for the District of Utah.

## NOTICE

Pursuant to 28 U.S.C. § 1446(d), prompt notice of the filing of this Notice of Removal is

being given to Plaintiff, and a true and correct copy of this Notice of Removal is being filed with

the Third District Court, Salt Lake County, Utah.

Pursuant to Fed. R. Civ. P. 81(c), Defendants will timely answer or otherwise respond to

the Complaint, and do not waive any affirmative defenses, including but not limited to,

preemption, lack of personal jurisdiction, and statute of limitations.

WHEREFORE, Defendants respectfully remove this action to the United States District

Court for the District of Utah.

DATED this 8th day of February 2018.

/s/ David N. Kelley

Scott M. Petersen
David N. Kelley
FABIAN VANCOTT
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2018, I caused a true and correct copy of

the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** to be

served via U.S. Mail, First Class, postage prepaid, and via email on the following:

> Catherine M. Larson
> STRONG & HANNI
> 102 South 200 East, Suite 800
> Salt Lake City, UT 84111
> clarson@strongandhanni.com

I also certify that I caused to be filed with the Clerk of the Third Judicial District Court,

Salt Lake County, State of Utah, a copy of the **NOTICE OF REMOVAL OF CIVIL ACTION**

**TO FEDERAL COURT** this 8th day of February 2018.

/s/ David N. Kelley